# Exhibit A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE<br>STATE OF COLORADO<br>7325 S. Potomac Street #100<br>Centennial, CO 80112<br>(303) 645-6600<br>_____<br>**Plaintiff: HEATHER E. JENKINS-DEDRICK**<br><br>**v.**<br><br>**Defendant: BAILEY'S HOLDING COMPANY, INC. d/b/a BAILEY'S MOVING AND STORAGE; ALLIED VAN LINES, INC.**<br>_____<br>Attorney for Plaintiff, Heather E. Jenkins-Dedrick<br>Phillip Khalife, #46333<br>Frascona, Joiner, Goodman and Greenstein, P.C.<br>4750 Table Mesa Drive<br>Boulder, CO  80305-5541<br>Phone Number:  303-494-3000<br>Fax #:  303-494-6309<br>E-mail: phil@frascona.com | DATE FILED: December 12, 2019 12:04 PM<br>FILING ID: 72C157964AAF3<br>CASE NUMBER: 2019CV32888<br><br>▲ COURT USE ONLY▲<br>_____<br>Case Number:<br><br>Div.       Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Heather E. Jenkins-Dedrick, by and through her attorneys Frascona, Joiner, Goodman and Greenstein, P.C., for her Complaint against Defendants, alleges:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Heather E. Jenkins-Dedrick, is an individual whose principal address is 12 Sundance Ct., Santa Fe, New Mexico, 87506.

2. Defendant Bailey's Holding Company is a Utah corporation with its principal Colorado place of business at 11755 E. Peakview Avenue, Englewood, CO 80111.

3. Defendant Allied Van Lines Inc. is a Delaware Corporation with its principal place of business at 101 E Washington Blvd., Suite 1100, Fort Wayne, IN 46802.

4. Upon information and belief, Allied Van Lines Inc. is the parent company of Bailey's Holding Company Inc.

5. Venue and Jurisdiction is proper in Arapahoe County, Colorado pursuant to Colorado Rule of Civil Procedure 98, as Bailey's Moving and Storage has a physical location in Centennial, Colorado, and a significant number of events at issue in this action took place in Colorado.

## GENERAL ALLEGATIONS

6. Plaintiff is an individual who hired Defendant Bailey's to crate, store and ship a number of valuable personal items from Oregon to her family's new home in Santa Fe, New Mexico.

7. In early 2018, Plaintiff entered into a contract with Defendants to crate, store and ship her personal items from her home in Florence, Oregon to her new home in Santa Fe.

8. Per Defendants' request, Plaintiff provided to Defendants measurements and valuation estimates for the belongings to be crated, stored and shipped.

9. Plaintiff provided the requested measurements of her belongings, and further provided Defendants a $700,000 estimate of the value of the items to be carted, shipped and stored.

10. The items to be crated and shipped by Defendants consisted of a number of valuable antiques and valuable household items.

11. Given the value of the items to be crated and shipped by Defendants, Plaintiff purchased the highest level "Extra Care Protection" package from Defendants, which provided Full Replacement Value for any lost, damaged or destroyed items.

12. Plaintiff paid Defendants over $5,000 for the "Extra Care Protection" package.

13. In February 2018, a crew sent by Defendants arrived at Plaintiff's home in Oregon to crate the items to be shipped and stored.

14. Despite providing Defendants with the exact measurements of the items to be crated and shipped, the crating crew sent by Defendant Bailey's did not arrive with sufficient wood or packing materials to crate all of the items.

15. In order to keep the crating and shipping on track, Plaintiff allowed the Bailey's crating crew to take additional lumber and other materials from the barn on the property with which to complete the crating of the items.

16. Thereafter, Plaintiff's belongings were shipped from Oregon to Colorado, where the belongings would be stored by Defendants for almost a year, until Plaintiff was ready to take delivery of the items in New Mexico.

17. In February 2019, Plaintiff's belongings were shipped by Defendants from Defendants' storage facility in Colorado to Plaintiff's new home in New Mexico.

18. As Plaintiff's possessions were unpacked, it became immediately clear that a number of valuable items had been damaged and destroyed in the process of crating, shipping and storing the items.

19. The crew sent by Defendants to deliver and uncrate Plaintiff's belongings in New Mexico told Plaintiff they believed that the damage to her valuables had occurred because of substandard crating undertaken by Defendants' crating crew in Oregon.

20. Plaintiff followed the procedure laid out by Defendants in order to submit a damage claim under the "Extra Care Protection" plan she had purchased at the outset of the project.

21. The damage claim submitted by Plaintiff to Defendants was assigned claim number 05545-9.

22. Despite complying with all of Defendants' requests for information and photos, and making the damaged items available for inspection by Defendants, no satisfactory response was ever received from Defendants regarding the damaged items.

23. Despite acknowledging that a number of items had indeed been damaged in the process of crating, shipping or storage, Defendants refused to honor the "Extra Care Protection" coverage which they had sold to Plaintiff.

24. In total, Plaintiff paid over $60,000 to Defendants to crate, ship and store her valued possessions, only to see many of them significantly damaged in the process.

25. Plaintiff has taken the damaged valuables to a respected art and antique restorer, and obtained estimates to repair the items which were not destroyed beyond repair.

26. The repair estimate for the valuables which can be salvaged totals $26,392.00.

27. As valuable antiques and works of art, the value of these restored/repaired items will be significantly diminished, even once repaired.

28. In addition to the items which can be repaired, several valuables were destroyed beyond repair.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract-All Defendants)**

29. Plaintiff incorporates the allegations of the above paragraphs as though fully set forth herein.

30. Plaintiff and Defendant entered into a contract with Defendants in February 2018 for the crating, shipping and storage of a number of valuable personal possessions.

31. As part of the contract, Plaintiff purchased from Defendants the optional Extra Care Protection package with a declared value of the items of $700,000.

32. Plaintiff paid the Defendants $5,078.00 for the Extra Care Protection package, plus $1500 per month to store the belongings in a "secured, climate controlled facility".

33. Plaintiff discovered in February 2019 that a number of valuable possessions had been damaged while the items were in the control of the Defendants.

34. Thereafter, Plaintiff followed the protocol for submitting a damage claim as laid out by Defendants.

35. Despite admitting that items were damaged, Defendants have breached their contractual obligations to pay the full replacement value of the damaged valuables.

36. The Defendant's breach of their contractual obligations has caused economic damages to Plaintiff in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all of Plaintiff's actual damages, plus costs, interest, all attorney fees incurred in pursuing this action and requests such other relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
**(Negligence - All Defendants)**

37. Plaintiff incorporates the allegations of the above paragraphs as though fully set forth herein.

38. Prior to Defendants crating Plaintiff's valuables, Plaintiff provided to Defendants the exact measurements of the belongings to be crated and shipped.

39. Prior to the crating of the valuables, Plaintiff also provided a $700,000 valuation of the items to Defendants.

40. Despite being provided the exact measurements, and notice that the items to be crated and shipped held significant monetary value, Defendants' crating crew arrived at Plaintiff's home without sufficient wood and packing materials for the valuables which were to be crated and shipped.

41. When the valuables were unpacked at Plaintiff's new home in New Mexico in early 2019, the delivery crew told Plaintiff that they believed the obvious damage to the valuables was caused by substandard crating by the original crating crew sent by Defendants.

42. Defendants' failure to adequately crate the valuables, constitutes a breach of the standard of care governing moving professionals.

43. The breach of this duty caused significant damage to a number of valuable pieces of art and antiques, in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all of Plaintiff's actual damages, plus costs, interest, all attorney fees incurred in pursuing this action and requests such other relief as the Court may deem just and proper.

## **Jury Demand**

Plaintiff requests that the instant action be heard by a jury of six (6).

Dated: December 12, 2019.

                                         Respectfully submitted,
                                         Frascona, Joiner, Goodman and Greenstein, P.C.

                                         */s/ Phillip M. Khalife*
                                         Phillip M. Khalife Esq., No. 46333
                                         4750 Table Mesa Drive
                                         Boulder, CO  80305-5541
                                         (303) 494-3000
                                         Attorneys for Plaintiff

Plaintiff's Address:
12 Sundance Ct.
Santa Fe, New Mexico 87506

| | DATE FILED: December 12, 2019 12:04 PM<br>FILING ID: 72C157964AAF3<br>CASE NUMBER: 2019CV32888 |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE<br>STATE OF COLORADO<br>7325 s. Potomac Street #100<br>Centennial, CO 80112<br>(303) 645-6600<br>_____<br>**Plaintiff: HEATHER E. JENKINS-DEDRICK**<br><br>**v.**<br><br>**Defendant: BAILEY'S HOLDING COMPANY, INC. d/b/a BAILEY'S MOVING AND STORAGE; ALLIED VAN LINES, INC.**<br>_____<br>Attorney for Plaintiff Heather E. Jenkins-Dedrick<br>Phillip M. Khalife, Atty. Reg. No. 46333<br>Frascona, Joiner, Goodman and Greenstein, P.C.<br>4750 Table Mesa Drive<br>Boulder, CO  80305-5541<br>Phone Number:  303-494-3000<br>Fax #:  303-494-6309<br>E-mail: phil@frascona.com | ▲ COURT USE ONLY▲<br>_____<br>Case Number:<br><br>Div.      Ctrm: |

**DISTRICT COURT CIVIL SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:   Allied Van Lines, Inc. – Registered Agent for Allied Van Lines, Inc., Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Cross-Claim Complaint. If service of the Summons and Cross-Claim Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Cross-Claim Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee. If you fail to file your answer or other response to the Cross-Claim Complaint in writing within the applicable

time period, the Court may enter judgment by default against you for the relief demanded in the Cross-Claim Complaint without further notice.

Dated: December 12, 2019

>  Respectfully submitted,
>  Frascona, Joiner, Goodman and Greenstein, P.C.
>
>  _____*Phillip Khalife*_____
>  Phillip M. Khalife, No. 46333
>  4750 Table Mesa Drive
>  Boulder, CO 80305-5541
>  (303) 494-3000
>  *Attorneys for Plaintiff*

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Counterclaim must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.